UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE No.: 6:21-cv-01029-PGB-EJK

TAVIA WAGNER,

    Plaintiff,
vs.

HELKIM REALTY, LLC and
PIZZA POMODORO NSB, LLC, d/b/a
PIZZA POMODORO,

    Defendants.
_____/

**PLAINTIFF'S NOTICE OF ENTRY UPON LAND FOR INSPECTION**

**COMES NOW,** Plaintiff, TAVIA WAGNER, by and through the undersigned counsel, pursuant to this Honorable Court's ADA Scheduling Order [DE 4] dated June 16 2021, and Rule 34 of the Federal Rules of Civil Procedure, requests entry upon the Defendants' HELKIM REALTY LLC, and PIZZA POMODORO NSB, LLC, d/b/a PIZZA POMODORO located at 1518 S. DIXIE HWY in NEW SMYRNA BEACH, FLORIDA for the purpose of inspecting, measuring, surveying, photographing, and testing or sampling the property within the scope of Rule (26).

As instructed in the ADA Scheduling Order [DE 4], Defendants shall provide Plaintiff's counsel and Plaintiff's expert reasonable access to inspect Defendants'

facility. The areas to be inspected, shall include but are not limited to the following, as stated in the Corrected Amended Complaint [DE 13] dated July 20, 2021:

a) Failure to provide ADA compliant number of accessible parking spaces, in violation of 2017 FAC, 2014 FAC and 2010 ADAS Section 208.2.

b) Failure to provide ADA compliant accessible parking stalls, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 208.2.

c) Failure to provide ADA compliant accessible parking spaces and access aisle on a firm, stable, slip resistant surface, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 502.4 and 302.1.

d) Failure to provide ADA compliant parking stall striping and markings, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 502.3.3.

e) Failure to provide ADA compliant parking stall width clearance, in violation 2017 FAC, 2014 FAC Section 502.1.

f) Failure to provide ADA compliant parking stall slope gradings, in violation 2017 FAC, and 2014 FAC Section 502.4.

g) Failure to provide ADA compliant access that is, as long as, the parking space they serve, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 502.3.2.

h) Failure to provide ADA compliant access aisle width clearance, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 502.3.1.

i) Failure to provide ADA compliant access aisle slope grading, in violation 2017 FAC, and 2014 FAC Section 502.4.

j) Failure to provide ADA compliant access aisle (missing), in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 502.2.

k) Failure to provide ADA compliant exterior route width clearance leading to building entrance, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 403.5.1.

l) Failure to provide ADA compliant accessible route with compliant slope grading, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 403.3.

m) Failure to provide ADA compliant exterior route width clearance leading to building entrance, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 403.5.1.

n) Failure to provide ADA compliant entrance door mats, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 302.2.

o) Failure to provide ADA compliant number of exterior table seating, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 227.3.

p) Failure to provide ADA compliant exterior table clearances, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 306.1.

q) Failure to provide ADA compliant transaction counter (hostess stand) height, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 904.4.1 and 904.4.2.

r) Failure to provide ADA compliant bar counter height, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 904.4.1 and 904.4.2.

s) Failure to provide ADA compliant bar counter clear floor space, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 904.4.1.

t) Failure to provide ADA compliant number of interior table seating, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 227.3.

u) Failure to provide ADA compliant interior table clearances, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 306.1.

v) Failure to provide ADA compliant directional signage to accessible restroom, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 216.8.

w) Failure to provide ADA compliant restroom signage mounting, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 216.8.

x) Failure to provide ADA compliant restroom door hardware, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 309.4.

y) Failure to provide ADA compliant, unobstructed, lavatory/toilet clear floor space, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 604.3.2.

z) Failure to provide ADA compliant lavatory underside clearance, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 306.3.1.

aa) Failure to provide ADA compliant mirror, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 603.3.

bb) Failure to provide ADA compliant properly located, non-protruding hand dryer, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 307.2.

cc) Failure to provide ADA compliant flushing mechanism, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 604.6.

dd) Failure to provide ADA compliant rear grab bar, (missing) in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 609.4.

ee) Failure to provide ADA compliant side grab bar, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 609.4.

ff) Failure to provide ADA compliant toilet paper location, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 604.7.

gg) Failure to provide ADA compliant, unobstructed, restroom circulation, due, in part, to protruding overhead wall-mounted cabinet, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 307.2.

hh) Failure to provide ADA compliant restroom maneuverability clear floor space, in violation 2017 FAC, 2014 FAC and 2010 ADAS Section 603.2.1.

The date of said entry shall be, scheduled for Wednesday, August 4, 2021, at or about 4:00 p.m. and shall continue until Plaintiff's inspection shall have completed. In the event the inspection is not completed in one inspection, same shall continue on a mutually agreeable time and date.

Dated:  July 23, 2021

                By:/S/Joe M. Quick, Esq.
                Joe M. Quick, Esq.
                Bar Number 0883794
                Attorney for Plaintiff
                Law Offices of Joe M. Quick, Esq.
                1224 S. Peninsula Drive #619
                Daytona Beach, Florida 32118
                Telephone: 386.212.3591
                Email: JMQuickEsq@gmail.com

## CERTIFICATE OF SERVICE

  I hereby certify that on this 23rd day of July 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I also certify that the aforementioned document is being served on all counsel of record, corporation, or pro se parties via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.


HELKIM REALTY, LLC – OWNER
CLIFFORD ABELES
811 23rd AVENUE
NEW SMYRNA BEACH, FLORIDA 32169
VIA US CERTIFIED MAIL

PIZZA POMODORO NSB, LLC
MICHELLE T. DELMONICO-LONGO
2756 NEVERLAND DRIVE
NEW SMYRNA BEACH, FLORIDA 32168
VIA US CERTIFIED MAIL

PIZZA POMODORO
1518 S DIXIE FREEWAY
NEW SMYRNA BEACH, FLORIDA 32168
VIA US CERTIFIED MAIL


             By:/S/Joe M. Quick, Esq.
             Joe M. Quick, Esq.
             Bar Number 0883794
             Attorney for Plaintiff
             Law Offices of Joe M. Quick, Esq.
             1224 S. Peninsula Drive #619
             Daytona Beach, Florida 32118
             Telephone: 386.212.3591
             Email: JMQuickEsq@gmail.com